MEMORANDUM **
Cathy Howard brought claims against her former employer, Milwaukie Convalescent Hospital, Inc. (“MCH”) for 1) wrongful termination under state law, 2) violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. (“FMLA”) and 3) violation of the Oregon Family Leave Act, Or.Rev.Stat. 659A.150 et seq. (“OFLA”). The district court granted MCH’s motion for summary judgment and Howard appealed. We review de novo a district court’s order granting summary judgment. See, e.g., Universal Health Servs., Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir.2004).
Howard did not adduce sufficient evidence to withstand a motion for summary judgment as to any of the claims on appeal. To prevail on a wrongful discharge claim, the employee must establish a “causal connection” between a protected activity (in this case reporting another nurse to the Oregon Board of Nursing) and the discharge. Estes v. Lewis and Clark Coll., 152 Or.App. 372, 954 P.2d 792, 796-97 (1998), rev. denied, 327 Or. 583, 971 P.2d 411 (1998). To prevail on her FMLA and OFLA claims, Howard must show that she was terminated for engaging in an activity protected by those statutes (in this case for inquiring as to her rights under these acts). We apply the McDonnell-Douglas burden-shifting analysis to such claims. See Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1094 (9th Cir.2001). Thus, assuming without deciding that Howard established a prima facie case with respect to each claim, each claim will still fail if Howard did not adduce evidence sufficient to raise a triable issue of fact that MCH’s proffered justification was pretextual.
Howard did not adduce sufficient evidence to do so. Howard admits that she copied and removed confidential records from the hospital, a serious offense. The record indicates that, at both the time of discharge and on appeal, MCH asserted Howard was fired for copying and removing the records. Because Howard did not proffer sufficient evidence to allow a fact finder to conclude that MCH’s justification was pretextual, the district court properly *151 granted MCH’s motion for summary judgment.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.